FREDERICK KAFFEMAN, Plaintiff, Appellant, *v*. ROYAL DIAMOND Co., INC., Defendant, Respondent.

Supreme Court, Appellate Term, First Department, June 24, 1924.

Sales — action for damages for defendant's failure to accept goods —. contract provided for purchase by plaintiff of three lots of diamonds at three per cent profit over purchase price — plaintiff gave notice of sale at defendant's expense on refusal to accept merchandise — plaintiff forced to sell at loss occasioned by fall in exchange value of guilders — defendant obligated on contract regardless of fluctuations in exchange market for guilders.

A judgment dismissing plaintiff's complaint in an action for damages for defendant's failure to accept a shipment of diamonds and for loss of profits occasioned by defendant's repudiation of the remainder of the sale should be reversed where it appears that the plaintiff contracted to deliver the diamonds in three lots from Amsterdam at a profit of three per cent over the purchase price; that on May fourteenth his invoice accompanied by drafts for the equivalent of about 12,000 guilders was sent to a New York bank; that on defendant's refusal to accept them, plaintiff gave notice on August sixteenth that he would sell the shipment at defendant's expense, and that subsequently the goods were sold at a loss occasioned by a fall in the exchange value of guilders, since, regardless of the fluctuations, defendant, on the date of the notice of sale, was liable to the plaintiff for what it had agreed to pay under the contract.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of defendant, dismissing the complaint at the close of plaintiff's case.

*Joseph Kohler,* for the appellant.

*Feltenstein & Rosenstein (Abraham Rosenstein,* of counsel), for the respondent.

BIJUR, J. This action was brought, in part, for damages for failure of defendant to accept goods bought from the plaintiff, and in part for damages (called profits) by reason apparently of defendant's repudiation of its obligation as to the the remainder of the goods.

According to the plaintiff's testimony, defendant agreed to purchase from him diamonds in the aggregate of $15,000 which plaintiff should obtain in Amsterdam, deliveries to be in three lots of approximately $5,000 each. Plaintiff further testified that it was understood that he was to charge three per cent " profit " over the purchase price and all incidental expenses. The first lot was shipped by him on April 27, 1920, the bill amounting to about $4,700, but plaintiff sent the invoice accompanied by drafts for the equivalent about 12,000 guilders to the Chatham and Phenix Bank where they arrived about May fourteenth. Defendant refused to accept them. On August sixteenth plaintiff wrote the defendant: " This is to inform you that unless you take out the goods which I bought for your account within the next three days I shall sell the same and hold you liable for any deficiency," etc.

At the time when this letter was written guilders had fallen in exchange value, so that if the defendant had then taken up the drafts for 12,000 guilders plaintiff would have been at a total loss of $1,000 on the transaction. Defendant, however, paid no attention to the notice, whereupon plaintiff sold the goods at an actual loss of some $500 below the contract price. Plaintiff's testimony, for reasons that need not be discussed, was very vague and unsatisfactory as to what his actual intention was regarding the notice of August sixteenth, namely, whether he expected defendant to take up the goods at their actual cost as of May fourteenth or at the dollar equivalent of the draft for guilders on August sixteenth. Of course, plaintiff was entitled to the May fourteenth value of the goods in dollars, the contract calling for dollars. The mere fact that he, as matter of convenience, had at that time drawn a draft in guilders did not alter the obligation of the defendant. Indeed, it is, to put it mildly, highly questionable whether defendant could have discharged its conceded debt of $4,700 to the plaintiff

by accepting the latter's offer, as it understood it, namely, taking up the draft at an equivalent of $3,700. This interesting question need not, however, be discussed because defendant did *not* accept plaintiff's offer; consequently on August sixteenth and at all times thereafter defendant owed plaintiff what it had agreed to pay regardless of what fluctuations there may have been, either in the exchange market for guilders or in anything else.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

MULLAN and LEVY, JJ., concur.

Judgment reversed and new trial ordered.